**NORTON ROSE FULBRIGHT US LLP**
JAMILA S. MENSAH (*admitted pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, Texas 77068
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
jamila.mensah@nortonrosefulbright.com

DEBORAH F. BIRNDORF (BAR NO. 179823)
PHILLIP R. DI TULLIO (BAR NO. 324267)
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
phillip.ditullio@nortonrosefulbright.com
debbie.birndorf@nortonrosefulbright.com

Attorneys for Defendant
SAUDI ARABIAN AIRLINES CORPORATION
DBA SAUDIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THUHONG DO,

Plaintiff,

v.

SAUDI ARABIAN AIRLINES CORPORATION DBA SAUDIA; and DOES 1 through 10,

Defendants.

Case No. 2:23-cv-00135-MRA (RAOx)

*[Assigned to Honorable Mónica Ramírez Almadani, Crtrm 10B]*

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

*[Filed concurrently with Memorandum of Points and Authorities; Statement of Uncontroverted Facts; Declarations of Khalid Alehedeb and Jamila S. Mensah; Compendium of Exhibits; and [Proposed] Order]*

Date: August 1, 2024
Time: 1:30 p.m.
Place: Courtroom 10B

State Complaint filed: November 14, 2022
Notice of Removal filed: January 9, 2023
FPTC: October 24, 2024

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 1, 2024**, at **1:30 p.m.**, Defendant Saudi Airlines Corporation DBA Saudia will, and hereby does, move for summary judgment, or alternatively, partial summary judgment (the "Motion") on all claims in Plaintiff Thuhong Do's Complaint as set forth below.

This Motion is be made pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine dispute of material fact and Saudia is entitled to judgment as a matter of law on the following claims and grounds:

1. Plaintiff's First Cause of Action for Wrongful Termination in Violation of Public Policies fails as a matter of law because Plaintiff's underlying, predicate claims are meritless.

2. Plaintiff's Second Cause of Action for Medical Leave Retaliation in Violation of the California Family Rights Act ("CFRA") fails as a matter of law because (a) Plaintiff was not qualified to perform the essential functions of her position at the time of her termination, with or without reasonable accommodation, as she was not medically cleared to return to work in any capacity and (b) Plaintiff did not suffer an adverse employment action because of her attempts to and/or exercise of her rights to medical leave under the CFRA, or because she otherwise engaged in any protected activity under the CFRA. Plaintiff's Second Cause of Action fails on the additional grounds that Defendant terminated Plaintiff for a legitimate, nonretaliatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

3. Plaintiff's Third Cause of Action for Medical Leave Discrimination in violation of the CFRA fails as a matter of law because (a) Plaintiff received all medical leave to which she was entitled, (b) Plaintiff was not entitled to reinstatement upon the expiration of her leave, and (c) Plaintiff did not suffer an adverse



DOCUMENT PREPARED ON RECYCLED PAPER

employment action because of her attempts to and/or exercise of her rights to medical leave under the CFRA. Plaintiff's Third Cause of Action fails on the additional grounds that Defendant terminated Plaintiff for a legitimate, nondiscriminatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

4. Plaintiff's Fourth Cause of Action for Retaliation for Requesting and Using Accommodations for Disabilities in violation of California Govt. Code §12940(m) (the Fair Employment and Housing Act ("FEHA")) fails as a matter of law because (a) Plaintiff was not qualified to perform the essential functions of her position at the time of her termination, with or without reasonable accommodation, as she was not medically cleared to return to work in any capacity and (b) there is no evidence of a causal link between Plaintiff's request or use of accommodations and the termination of her employment. Plaintiff's Fourth Cause of Action fails on the additional grounds that Defendant terminated Plaintiff's employment for a legitimate, nonretaliatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

5. Plaintiff's Fifth Cause of Action for Failure to Engage in a Timely, Good Faith Interactive Process to Determine Reasonable Accommodation for Disability in violation of FEHA fails as a matter of law because it is undisputed that (a) Defendant engaged in an interactive process and granted Plaintiff extended leave as a reasonable accommodation and (b) at the conclusion of Plaintiff's extended leave, Plaintiff was not medically cleared to return to work in any capacity, so there was no accommodation that would have enabled Plaintiff to perform the essential functions of her position.

6. Plaintiff's Sixth Cause of Action for Failure to Reasonably Accommodate Disabilities in violation of FEHA fails as a matter of law because



DOCUMENT PREPARED ON RECYCLED PAPER

(a) Defendant granted Plaintiff extended leave as a reasonable accommodation; (b) Plaintiff was not qualified to perform the essential functions of her position at the time of her termination, with or without reasonable accommodation, as she was not medically cleared to return to work in any capacity; and (c) at the conclusion of Plaintiff's extended leave, Plaintiff was not medically cleared to return to work in any capacity, so there was no accommodation that would have enabled Plaintiff to perform the essential functions of her position.

7. Plaintiff's Seventh Cause of Action for Disability Discrimination in violation of FEHA fails as a matter of law because Plaintiff was not qualified to perform the essential functions of her position at the time of her termination, with or without reasonable accommodation, as she was not medically cleared to return to work in any capacity. Plaintiff's Seventh Cause of Action fails on the additional grounds that Defendant terminated Plaintiff's employment for a legitimate, nondiscriminatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

8. Plaintiff's Eighth Cause of Action for Retaliation for Opposing Violations of FEHA fails as a matter of law because (a) Plaintiff did not engage in any protected opposition activity under FEHA; (b) there is no evidence of a causal link between any purported protected opposition activity by Plaintiff and the termination of her employment; and (c) Defendant terminated Plaintiff's employment for a legitimate, nonretaliatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

9. Plaintiff's Ninth Cause of Action for Failure to Prevent and Stop Harassment, Discrimination, and Retaliation fails as a matter of law because Plaintiff's underlying, predicate claims are meritless.



Document Prepared on Recycled Paper

10. Plaintiff's Tenth Cause of Action for Whistleblower Retaliation fails as a matter of law because (a) Plaintiff's alleged protected activity is barred by the applicable statutes of limitation; (b) there is no causal link between any protected activity and any adverse employment action suffered by Plaintiff; and (c) Defendant terminated Plaintiff for a legitimate, nonretaliatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

11. Plaintiff's Eleventh Cause of Action for Failure to Provide Meal Periods under California Labor Code §512 fails as a matter of law because (a) most of Plaintiff's meal break claims are barred by the statute of limitations; and (b) Defendant properly and timely compensated Plaintiff at a premium for any missed meal or rest breaks.

12. Plaintiff's Twelfth Cause of Action for Failure to Provide Rest Breaks under California Labor Code §226.7(d) fails as a matter of law (a) most of Plaintiff's rest break claims are barred by the statute of limitations; and (b) Defendant properly and timely compensated Plaintiff at a premium for any missed rest breaks.

13. Plaintiff's Thirteenth Cause of Action for Discrimination Based on Age – Disparate Treatment under FEHA fails as a matter of law because (a) Plaintiff was not qualified for her position at the time of her termination, as she was not medically cleared to return to work in any capacity; and (b) Defendant terminated Plaintiff's employment for a legitimate, nondiscriminatory reason—Plaintiff was not medically cleared to return to work in any capacity at the time of her termination—and Plaintiff cannot establish pretext.

14. Plaintiff's requests for punitive damages in connection with the First through Tenth and Thirteenth Causes of Action fail because (a) Plaintiff's underlying, predicate claims are meritless; (b) none of the decisionmakers associated with Plaintiff's claims were "managing agents" under California Civil Code



DOCUMENT PREPARED ON RECYCLED PAPER

§3294(b); and/or (c) there is no evidence that any employee or agent of Defendant acted with the malice, oppression, or fraud required to support the recovery of punitive damages.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 14, 2024. This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Statement of Uncontroverted Facts, Declarations of Khalid Alehedeb and Jamila S. Mensah, and Compendium of Exhibits, as well as all pleadings, papers, and records on file in this action, and such oral argument and documentary evidence as may be presented at or before the time of hearing this Motion and/or otherwise properly presented for consideration by the Court.

Dated: June 20, 2024

**NORTON ROSE FULBRIGHT US LLP**

By: */s/Jamila S. Mensah*

JAMILA S. MENSAH
DEBORAH F. BIRNDORF
PHILLIP R. DI TULLIO

Attorneys for Defendant
SAUDI ARABIAN AIRLINES CORPORATION DBA SAUDIA



DOCUMENT PREPARED ON RECYCLED PAPER