**NORTON ROSE FULBRIGHT US LLP**
JAMILA S. MENSAH (*admitted pro hac vice*)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
jamila.mensah@nortonrosefulbright.com

DEBORAH F. BIRNDORF (BAR NO. 179823)
JENNY CHOI (BAR NO. 285839)
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
debbie.birndorf@nortonrosefulbright.com

Attorneys for Defendant
**SAUDI ARABIAN AIRLINES CORPORATION DBA SAUDIA**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THUHONG DO,

Plaintiff,

v.

SAUDI ARABIAN AIRLINES CORPORATION DBA SAUDIA; and DOES 1 through 10,

Defendants.

Case No. 2:23-cv-00135-MRA (RAOx)

*[Assigned to Honorable Mónica Ramírez Almadani, Crtrm 10B]*

**DEFENDANT'S *EX PARTE* APPLICATION FOR RULING ON ITS REQUEST FOR SANCTIONS AGAINST PLAINTIFF IN THE AMOUNT OF $14,070**

Complaint Filed in Superior Court: November 14, 2022
Notice of Removal filed: January 9, 2023
Trial Date: March 3, 2025

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

COMES NOW, Defendant Saudi Arabian Airlines Corporation DBA Saudia ("Saudia") and hereby makes the present *Ex Parte* Application (the "Application") for a ruling on its request for sanctions in the amount of $14,070. Saudia submits this Application because the Court's Order denying Plaintiff Thuhong Do's ("Plaintiff") *Ex Parte* Application to File Motion *in Limine* No. 2 After Defendant Revealed New Defense ("Do Application") did not resolve Saudia's request for sanctions contained in its Opposition to the Do Application.

The present Application is based on the following Memorandum of Points and Authorities, the Declaration of Jamila S. Mensah in Support of the Application ("Mensah Decl."), Saudia's Opposition to Do's Application (ECF 80), the Declaration of Jamila S. Mensah in Support of the Opposition (ECF 80-1), the pleadings, files, and records in this action, the argument of counsel, and any other matter that the Court may consider. Saudia gave notice to Plaintiff's counsel, Geoffrey Lyon, 3605 Long Beach Blvd., Suite 311, Long Beach, California 90807, (562) 426-2112, glyon@lyonlawyer.com of the substance of the proposed *ex parte* application on February 11, 2025. *See* Mensah Decl., ¶ 2, Exh. A, p. 2. Plaintiff intends to oppose the Application. *Id.* at ¶ 3, Exh. A, pp.1-2.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

In its April 4, 2024 Order Modifying Pretrial Schedule After Case Reassignment, the Court set the deadline to hear non-discovery motions to August 1, 2024. *See* ECF 41. The Court also set the deadline for motions *in limine* to September 26, 2024. *See id.* On January 30, 2025, Plaintiff filed the Do Application requesting leave to file a belated motion *in limine* to exclude evidence that Plaintiff purchased property in Nevada in January 2022, then sold her California residence and relocated to Nevada in February 2022 while on a medical leave of absence from

her employment with Saudia in Los Angeles. *See* ECF 79. Saudia opposed the Do Application on the grounds that (1) the Application failed to satisfy the requirements for *ex parte* relief and (2) the challenged evidence was materially relevant and admissible. *See* ECF 80 and 80-1. Saudia also asked this Court to award sanctions against Plaintiff and her counsel of record in the amount of $14,070 as a penalty for knowingly filing an improper *ex parte* motion. *See id*.

On February 5, 2025, this Court denied the Do Application, finding that "Plaintiff [was] unmistakenly at fault for creating the need to bypass regular motion procedures," but it failed to rule on Saudia's request for sanctions. *See* ECF 81. Saudia now seeks a ruling on its request for sanctions against Plaintiff and her counsel of record in the amount of $14,070 for her improper use of the *ex parte* process. As set forth below, because Plaintiff filed the Do Application outside the motion deadline and on the eve of trial, Saudia petitions the Court *ex parte* for this relief.

## <u>ARGUMENT AND AUTHORITIES</u>

### A. Saudia's Request for *Ex Parte* Relief Is Justified.

To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995). Saudia's Applications satisfies both *Mission Power* factors.

#### 1. Saudia Would Suffer Irreparable Prejudice Without *Ex Parte* Relief.

"To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion…A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits.

If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Id.*

The deadline to file motions *in limine* passed on September 26, 2024. *See id*. More than four (4) months later, on January 30, 2025, Plaintiff filed the Do Application seeking leave to file a belated motion *in limine* to exclude evidence that Plaintiff purchased property in Nevada in January 2022, then sold her California residence and relocated to Nevada in February 2022 while on a medical leave of absence from her employment with Saudia in Los Angeles. *See* ECF 79. In support of her *ex parte* application, Plaintiff argued that the Court should exclude the evidence because (1) Saudia intentionally concealed the evidence and (2) the evidence implicated Plaintiff's constitutional right to interstate travel. *See id*. Saudia opposed the Do Application and asked this Court to award sanctions against Plaintiff and her counsel of record in the amount of $14,070. *See* ECF 80.

On February 5, 2025, the Court rejected Plaintiff's arguments and denied the Do Application, finding Plaintiff "at fault for creating the emergency" because she "had ample notice of Defendant's theory and every opportunity to raise this issue and yet delayed until a month prior to trial to request relief on an ex parte basis." *See* ECF 81, p. 2, ¶ 3. Although the Order notes Saudia's request for sanctions, it contains no legal analysis or ruling on the request. *See* ECF 81, p. 2, ¶ 3.

The motion hearing deadline in this case passed on August 1, 2024. *See* ECF 41. The case is set for trial on March 3, 2025. Had Plaintiff not filed an untimely *ex parte* application without cause, Saudia would have no reason to file this Application after the motion deadline on an *ex parte* basis. Indeed, Saudia is loathe to do so, and if trial were not in less than 30 days, Saudia would submit its request in accordance with the 28-day notice requirement and this Court's availability. Because the standard notice period would leave Saudia with a hearing no sooner than March 12, 2025—nine (9) days after trial is set to begin in this matter—Saudia stands to suffer irreparable harm unless the Court rules on its request on an *ex parte* basis.

**2. Saudia is Clearly Without Fault in "Creating [This] Crisis."**

To show lack of fault, the moving party must explain the creation of the crisis. *Mission Power Engineering Co., supra,* 883 F.Supp. at 493. As the Court found in its Order, Saudia is not at fault for creating any emergency. *See* ECF 81.

Instead, "the issue of Do's residence was first raised during discovery and, at a minimum, on October 10, 2024. From October 9, 2024, to the continued FPTC on December 5, 2024, the parties engaged in extensive discussions and revisions of all pretrial filings. Mensah Decl. ¶ 4. At the FPTC, Defendant disclosed its intent to introduce evidence of Do's move to Nevada. Id. ¶ 5. Yet despite raising the issue with Defendant by email on November 15, 2024, Lyon Decl. ¶ 5, Ex. 4, Plaintiff inexplicably failed to raise any objection to the introduction of such evidence at the FPTC. The parties' amended Proposed Final Pretrial Order, filed on December 10, 2024, also explicitly includes the topic of Do's move to Nevada. Mensah Decl. ¶ 6; ECF 76-1. That Plaintiff attempted to meet and confer with Defendant on this issue in December and January 2024—months after Plaintiff had notice of the issue, well past the deadline to file motions in limine, and after the FPTC—is of no moment. See Lyon Decl. ¶¶ 6-7, Exs. 5, 6. The record reflects that Plaintiff had ample notice of Defendant's theory and every opportunity to raise this issue and yet delayed until a month prior to trial to request relief on an ex parte basis." *See id.*

Plaintiff manufactured the *supposed* "emergency" for the Do Application, which created the *actual* emergency for this Application. Accordingly, Saudia's request for *ex parte* relief is proper. *Mission Power* at 492.

**B. Plaintiff's Exploitation of the *Ex Parte* Process Warrants Sanctions.**

As outlined in Saudia's Opposition to the Do Application, and as recognized by the Court, Plaintiff intentionally burdened Saudia and this Court with a contrived, eleventh-hour *ex parte* application, despite its patent lack of legal or factual basis. *See* ECF 80; ECF 81, p. 3. This intentional manipulation of the *ex parte* process and blatant disregard of the Court's requirements warrants sanctions in the amount of

$14,070. *See* ECF 80, and 80-1, ¶¶ 9-11; *see also Endo Fitness LL, LLC v. F-19 Holdings, LLC, et al. Additional Party Names: F19 Franchising, LLC*, 2023 WL 12015999, at *2, fn. 1 (C.D. Cal. Jan. 10, 2023) (Ewusi-Mensah Frimpong, J.) (noting failure to adhere to the Local Rules may subject counsel to monetary or other sanctions); *Stokes v. All Worlds Resorts, Inc.*, 2022 WL 3013142, at *1 (C.D. Cal. June 9, 2022) (Klausner, J.) (denying Defendant's ex parte application because they were not without fault in creating the crisis that required ex parte relief and noting "[s]anctions may be imposed for misuse of ex parte applications."); *Caceres v. Nationstar Mortg., N.A.*, 2014 WL 12617724, at *2 (C.D. Cal. Dec. 29, 2014) (Guilford, J.) (ordering plaintiff to show cause why sanctions should not be imposed for bringing an ex parte TRO application in bad faith).

Moreover, notwithstanding the Court's clear message regarding the meritless nature of the Do Application, when Saudia informed Plaintiff of its intent to request sanctions, Plaintiff's counsel advised that Plaintiff would oppose the Application *and seek cross-sanctions* "on [the] grounds the defense was not disclosed in discovery and is still objectionable as an unlawful defense at trial and defense did not timely meet and confer in the effort to remove the unlawful defense." *See* Mensah Decl., ¶ 3, Exh. A, pp. 1-2. In other words, *Plaintiff may double-down on her improper ex parte request by seeking cross-sanctions on the same grounds this Court already rejected. See id.* Such action, considering the recent record, would constitute intentional abuse of the litigation process and subject Plaintiff to further sanctions.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Saudia's Application and award Saudia sanctions against Plaintiff and her counsel of record in the amount of $14,070.

Dated: February 12, 2025

**NORTON ROSE FULBRIGHT US LLP**

By: */s/Jamila S. Mensah*

JAMILA S. MENSAH
DEBORAH F. BIRNDORF
JENNY CHOI

Attorneys for Defendant
SAUDI ARABIAN AIRLINES
CORPORATION DBA SAUDIA