IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

THUHONG DO,

Plaintiff,

v.

SAUDI ARABIAN AIRLINES CORPORATION DBA SAUDIA.; and DOES 1 through 10,

Defendants.

Case No. 2:23-cv-00135-MRA-RAO

**ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR RULING ON ITS REQUEST FOR SANCTIONS AGAINST PLAINTIFF IN THE AMOUNT OF $14,070 [ECF 87]**

Before the Court is Defendant's Ex Parte Application For Ruling On Its Request For Sanctions Against Plaintiff In The Amount Of $14,070 (the "Application"). ECF 87. Plaintiff opposes the Application. ECF 88. For the reasons stated herein, the Court **DENIES** the Application.

On January 30, 2025, Plaintiff filed an Ex Parte Application seeking leave to file a second motion in limine several months past the Court's motions in limine filing deadline. ECF 79. Defendant opposed, contending that Plaintiff's request was improper and requesting sanctions for Plaintiff's purported misuse of the ex parte process. ECF 80. On February 5, 2025, the Court issued an Order denying Plaintiff's request on the grounds that Plaintiff was at fault for creating the need to bypass regular motion procedures. ECF 81 at 3. The Court, however, was silent on Defendant's request for sanctions, prompting Defendant to file the instant Application.

Under Federal Rule of Civil Procedure 11 and the Local Rules, the imposition of sanctions is committed to the sound discretion of the district court. *See* Fed. R. Civ. P. 11; L.R. 11-9, 83-7. The Court's standing requirements further provide that sanctions *may* be imposed for misuse of ex parte applications. The Court does not find that Plaintiff's filing of her Ex Parte Application rises to the level of bad faith or misuse of the ex parte process to warrant sanctions under the Local Rules or the Court's standing requirements. *See* L.R. 83-7(b). In addition, Rule 11 imposes "stringent notice and filing requirements on parties seeking sanctions," *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005), and precludes a Court from *sua sponte* ordering monetary sanctions without first providing the offending party an opportunity to show cause why its conduct has not violated Rule 11(b), *see* Fed R. Civ. P. 11(c)(3), (5)(B). These procedural requirements have not been fulfilled here. Lastly, Defendant has not submitted sufficient proof in support of its request for costs and attorneys' fees in the substantial amount requested.

//

For the foregoing reasons, the Court, in its discretion, **DECLINES** to issue sanctions in any amount against Plaintiff or her counsel.

**IT IS SO ORDERED.**

DATED: February 18, 2025

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE



DOCUMENT PREPARED ON RECYCLED PAPER